TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......MIDDLESEX......, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 14-7238

............Jefferson et als............, Plaintiff(s)

v.

............Haddad et als............, Defendant(s)

### SUMMONS

To the above-named Defendant: Town of Groton

You are hereby summoned and required to serve upon Robert Bowen, Bowen & Bowen plaintiff's attorney, whose address is 50 Main St. Lunenburg, MA 01462, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ............................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..........................................................................
the .................................................. day of ..................................................
...................., in the year of our Lord ..................................................

............................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:____ |
|---|---|---|

| PLAINTIFF(S) Clarence Jefferson, Stephen Tervo, Benjamin Miele, and James Horan. | DEFENDANT(S) Haddad, Degen, Bosselait, Daly, Hawgood, and the Town of Groton |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 978-582-0050 Robert H. Bowen, Bowen & Bowen, LLP 50 Main Street Lunenburg MA 01462 Board of Bar Overseers number: 556674 | ATTORNEY (If known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights Act | ( A ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determin money damages. For this form, disregard double or treble damage claims; indicate single damages onl

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................................ $........
   2. Total Doctor expenses .......................................................... $........
   3. Total chiropractic expenses .................................................... $........
   4. Total physical therapy expenses ............................................... $........
   5. Total other expenses (describe) ............................................... $........
   Subtotal $..........
B. Documented lost wages and compensation to date ................................... $........
C. Documented property damages to date ............................................... $........
D. Reasonably anticipated future medical and hospital expenses ....................... $........
E. Reasonably anticipated lost wages ........................... $5,000.-$18,000/year/plaintiff
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

In addition to their lost wages, the violation of the plaintiffs' civil rights has defamed them, and resulted in emotional distress       $1,000,000 / Plaintiff
$..........
TOTAL $..........
$4,000,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disp resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 8/29/14

Signature of Attorney of Record _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.            SUPERIOR COURT DEPARTMENT
                                                                               CIVIL ACTION NO.

Clarence Jefferson, Stephen Tervo, )
Benjamin Miele, and James Horan, )
     Plaintiffs )
)
v. )
)
Mark Haddad, individually and as )
Town Manager for the Town of )
Groton, Joshua Degen, individually and as )
Chairman of the Board of Selectmen, Anna Eliot, )
Stuart M. Shulman, Peter Cunningham, )
and John G. Petropoulos, as they are members )
of the Groton Board of Selectmen, and Chief )
Joseph Bosselait, in his individual capacity )
and as Chief of the Groton Fire Department, )
the Town of Groton, Captain Susan Daly, )
individually and in her capacity as Captain of the )
Groton Fire Department, and Lt. Anthony Hawgood )
Individually and in his capacity as a Lt. for the )
Groton Fire Department, )
     Defendants )
                                           )

## PARTIES

1. Plaintiff Clarence Jefferson is a Massachusetts citizen with a residence in Groton, MA, and was the deputy chief of the Groton fire department.

2. Plaintiff Stephen Tervo is a Massachusetts citizen with a residence in Groton, MA, and was a member of the Groton fire department.

3. Plaintiff Benjamin Miele is a Massachusetts citizen with a residence in Groton, MA, and was a member of the Groton fire department.

4. Plaintiff James Horan is a Massachusetts citizen with a residence in Groton, MA, and was a member of the Groton fire department.

5. Defendant Joshua Degen, is a Massachusetts resident, and is a member of the Board of Selectmen for the Town of Groton

6. Defendant Anna Eliot, is a member of the Board of Selectmen for the Town of Groton

7. Defendant Stuart M. Shulman is a member of the Board of Selectmen for the Town of Groton

8. Defendant Peter Cunningham is a member of the Board of Selectmen for the Town of Groton

9. Defendant John G. Petropoulos is a member of the Board of Selectmen for the Town of Groton

10. Defendant Mark Haddad, a Massachusetts resident, is also the Town Manager for the Town of Groton.

11. Defendant Joseph Bosselait, a Massachusetts resident, is or was at all relevant times the Fire Chief for the Town of Groton.

12. Defendant Susan Daly, a Massachusetts resident, is the Captain of the Groton Fire Department.

13. Defendant Anthony Hawgood, a Massachusetts resident, is a Lt. in the Groton Fire Department.

Factual Allegations

14. The plaintiffs, except as otherwise set forth herein, were at all relevant times call firefighters employed by the Town of Groton.

15. Jefferson had been employed since March 1982.

16. Tervo had been employed since June 8, 2008.

17. Miele had been employed since December 2, 2012

18. Horan had been employed since March 2009.

19. Each of the plaintiffs, some time in early 2014, signed union cards indicating their support of efforts to unionize the call fire fighters in Groton.

20. James Horan's significant other, Susan Hogan, was contracted by the Town of Groton to photograph fires for the fire department.

21. She too signed a union card.

22. On or about December 25, 2013, there had been a call to which several units responded, including Engine 2, driven by plaintiff Stephen Tervo, in which plaintiff Miele was a passenger.

23. Plaintiff Jefferson also responded in another unit.

24. After plaintiffs Tervo and Miele responded, upon information and belief, another engine, Engine 1, in which Captain Daly was riding, responded to the call.

25. Captain Daly's husband, Lt. Hawgood, a Lt in the Groton fire department, happened to be outside his home, and actually gave Tervo and Miele a friendly wave as they passed him.

26. Tervo and Miele did not cutoff Engine 1 or Captain Daly.

3

27. Upon arrival at the scene, although the first Engine there, Captain Daly ordered Tervo to "take the hydrant" rather than proceed to the fire as would be routine for the first engine on the scene.

28. Also present at the scene was Cathy Lincoln, another call firefighter.

29. At the scene, firefighter Lincoln did speak briefly with Tervo and Miele engaging in minimal personal conversation with quick holiday greetings.

30. Upon information and belief, firefighter Lincoln filed a grievance with the town against members of the department for harassment.

31. Upon information and belief, an independent investigation into this grievance failed to substantiate her allegations.

32. Notwithstanding the fact that her allegations were unsubstantiated, the Town Manager then purported to conduct his own investigation into the department, including but not limited to the events of the December 25th call.

33. There were two distinct, but related, lines of inquiry.

34. The plaintiffs were interviewed, inter alia, about the grievance filed by firefighter Lincoln, and more particularly about the events of Christmas Day.

35. Upon information and belief, the Town manager delegated some of the investigation to the defendant Chief Bosselait.

36. Independently of the Town Manager's investigation, Lt Tony Hawgood inappropriately questioned and intimidated both Tervo and Miele regarding the Christmas Day event.

37. In February, 2014, Lt. Hawgood initiated a meeting/conversation with Tervo regarding Christmas day.

38. Initially, Lt. Hawgood inquired whether Tervo had spoken to firefighter Lincoln, and what they had discussed.

39. Quickly, the conversation turned, and Lt. Hawgood said "now I want to talk about you cutting off my wife."

40. This was a reference to the Captain Susan Daly, who, upon information and belief, alleges that the vehicle operated by Tervo cut her off enroute to the Christmas Day fire.

41. Tervo denied even knowing what Lt. Hawgood was talking about, but Lt. Hawgood persisted to the point of making Tervo uncomfortable.

42. Later, Chief Bosselait communicated with Tervo about that meeting, telling Tervo that he understood that the Lt. had talked with him about other job related issues.

43. It was apparent to Tervo that the Lt. had misrepresented the nature and purpose of his communication with Tervo to the chief.

44. Tervo replied to the chief by e-mail, informing him that the Lt. had not told Chief Bosselait the truth about the meeting.

45. Tervo produced the e-mail for Chief Bosselait and Melissa Doig, from human resources during his interview.

46. Chief Bosselait, in an attempt to silence that line of inquire, replied to Tervo that the chief didn't "need to see that."

47. Melissa Doig inquired about this e-mail during the interview, but did not retain a copy.

48. Similarly, Lt. Hawgood questioned Mr. Miele about whether Miele saw Tervo cut off his wife.

5

49. Mr. Miele corroborated Mr. Tervo's statement, indicating that no one had cut anyone off.

50. Mr. Miele too felt threatened by his interrogation, since Captain Daly, whom he appeared to be protecting, is Lt. Hawgood's wife.

51. As part of his private investigation, the Town Manager interviewed the plaintiff Jefferson.

52. Among other things, the Town Manager inquired whether Jefferson had actually encouraged firefighter Lincoln to file her grievance.

53. Jefferson denied it.

54. The Town manager did not believe Jefferson's denial, and accused him or "some one in his family" of inciting the grievance.

55. The Town manager concluded that in his opinion Jefferson was not telling the truth.

56. On or about June 3, 2014, the Town manager invited all four plaintiffs, and others, to attend a meeting regarding the department.

57. At no time prior to this meeting did anyone ever inform the plaintiffs that this meeting was considered mandatory.

58. Mr. Miele immediately replied that he was unable to attend.

59. He had professional training required for his certification at the time of the meeting.

60. Jefferson informed the Town that due to an unforeseen family medical situation, he was not able to attend the meeting.

61. Tervo and Horan attended the meeting.

62. At this meeting, among other things, the Town manager again inquired into the events of Christmas day.

63. He invited those in attendance to voice their complaints about the department.

64. The chief was also present in that meeting, and conceded that his lack of uniform enforcement of rules may have contributed to issues in the department.

65. The Town manager also conceded that he knew where the problem was with department management, and would address it.

66. The town manager later denied saying this.

67. During that meeting, not withstanding the clear language of the Strong Chief law, defendant Haddad stated that he would be the one making decisions on reappointments.

68. On or about June 5, 2014, a meeting with the plaintiffs and others who had signed union cards was scheduled to discuss unionization.

69. Present at the start of this meeting in addition to the plaintiffs was Susan Hogan, Horan's significant other and, until days before, a contract employee of the department.

70. Upon information and belief, although unknown to Horan or Susan Hogan at the time, the chief had terminated her contract.

71. Notice of her termination had been mailed, but was not received until a couple days after the union meeting.

72. Upon information and belief, prior to this meeting, the status of the photographer as an unpaid contract employee was discussed, and a decision was made to exclude her from this meeting.

7

73. Upon information and belief, she was excluded from this meeting based on the vocal support for the union voice by her and by Horan.

74. Upon information and belief, she was excluded to provoke Horan into quitting, or into engaging in insubordinate conduct that would provide ground for termination.

75. This treatment of Horan and his significant other was the culmination of ongoing harassing conduct by the department directed at Horan, so that in fact, based on this hostile treatment, he did resign.

76. Upon information and belief, for more than 30 years, the Town of Groton did not annually appoint its call firefighters.

77. None of the plaintiffs ever received any annual appointment, ever.

78. Upon information and belief, so that the plaintiffs could in fact be terminated without a hearing or cause, the Town, after more than 3 decades, instituted a reappointment process.

79. Upon information and belief, the Town manager directed the Chief regarding personnel actions.

80. Tervo and Miele were unceremoniously notified via e-mail that they would not be reappointed, and asked to turn in their equipment.

81. The Chairmen of the Board of Selectmen, Joshua Degen, personally told Jefferson that he too would not be reappointed.

82. The Chairman made an inappropriate comment about Jefferson's age, telling him he thought it was time for Jefferson to retire.

83. The Chairman then insisted that Jefferson write a retirement letter, and give it to the Chief forthwith so that it could be read at the next Board meeting.

84. Jefferson wrote the letter as directed.

85. So far as the plaintiffs are aware, the letter was never read at any selectmen's meeting.

86. The letter was not provided to Jefferson when he requested a copy of his personnel file.

87. Rather than retired, Jefferson's personnel file lists the reason for his separation as "involuntary termination."

88. The plaintiffs then filed personnel grievances with the Board of Selectmen, complaining among other things that they had been denied their rights to cause and hearing for their terminations.

89. Although the board convened an executive session and claims to have investigated other allegations of those grievances, no hearings have been granted.

COUNT I (Strong Chief Law)

90. The plaintiffs repeat and incorporate the allegations of paragraphs 1- 89 as if set forth fully herein.

91. The foregoing actions violated Mass Gen. Chapter 48 § 42.

92. The plaintiffs are thereby aggrieved and damaged.

## COUNT II  (Mass Civil Rights)

93. The plaintiffs repeat and incorporate the allegations of paragraphs 1-92 as if set forth fully herein.

94. The foregoing acts of the defendants constitute threats, intimidation, and coercion to deprive the plaintiff of their civil rights in violation of Mass Gen Law Chapter 12, § 11H and § 11I.

95. The plaintiffs are thereby aggrieved and damaged.

## COUNT III (42 USC §1983)

96. The plaintiffs repeat and incorporate the allegations of paragraphs 1-95 as if set forth fully herein.

97. The foregoing has deprived the plaintiffs of their property, contract and/or other rights under color of state law.

98. The plaintiffs have thereby been aggrieved and damaged.

## COUNT IV  (Wrongful Termination)

99. The plaintiffs repeat and incorporate the allegations of paragraphs 1-98 as if set forth fully herein.

100. The foregoing acts and omissions constitute wrongful termination in violation of Massachusetts law.

101. The plaintiffs have thereby been aggrieved and damaged.

COUNT V (Interference with Contractual relationships, against Haddad, Degen, Bosselait, Daly and Hawgood)

102. The plaintiffs repeat and incorporate the allegations of paragraphs 1-101 as if set forth fully herein.

103. The forgoing actions intentionally or negligently interfered with the plaintiffs' contractual and/or other relationships with the town.

104. The plaintiffs have thereby been aggrieved and damaged.

COUNT VI (Infliction of Emotional Distress against Haddad, Degen, Bosselait, Daly and Hawgood)

105. The plaintiffs repeat and incorporate the allegations of paragraphs 1-104 as if set forth fully herein.

106. The foregoing actions intentionally or negligently inflicted emotional distress upon the plaintiffs

107. The plaintiffs are thereby aggrieved and damaged.

COUNT VII (Defamation against Haddad, Degen, Bosselait, Daly and Hawgood)

108. The plaintiffs repeat and incorporate the allegations of paragraphs 1-107 as if set forth fully herein.

109. The foregoing actions constitute defamation of the plaintiffs

110. The plaintiffs are thereby aggrieved and damaged.

## JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE the plaintiffs pray that this court:

1. Enjoin the defendants to comply with M.G.L. 48 chapter 42;
2. Enter judgment for the plaintiffs on all counts;
3. Award damages to the plaintiffs on all counts;
4. Award such attorneys fees and costs as may be allowed by law;
5. Grant such other or further relief as this Court finds just and proper

Respectfully submitted,

Clarence Jefferson, Stephen Tervo, Benjamin Miele, and James Horan

By their Attorneys

_/s/ Robert H. Bowen_
Robert H. Bowen
Bowen & Bowen, LLP
50 Main Street
Lunenburg, Massachusetts 01462
(978) 582-0050
BBO # 556674

Dated: 8-27-2014